IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v. ) | 1:23-cr-00182-RAH-SMD-1 |
| ) | |
| STEVEN TODD ROSEBORO ) | |

**O R D E R**

Pending before the court are the Motion to Challenge Jury Venire (Doc. 49) and the Renewed Motion to Challenge Jury Venire (Doc. 82) filed by Defendant Steven Todd Roseboro. On August 13, 2024, the Magistrate Judge recommended that the motions should be denied. (Doc. 89.) On August 27, 2024, the Defendant filed Objections (Doc. 90) to the Magistrate Judge's Recommendation (Doc. 89).

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation de novo. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED.R.CRIM.P. 59(b)(3).

The court has studied the record in this case, the Recommendation of the Magistrate Judge, and the Defendant's objections. Many of the Defendant's objections were raised as arguments in his motion and were thoroughly addressed by the Magistrate Judge. However, upon de novo review, this court finds the

objection to the method employed by the Magistrate Judge to determine whether the Defendant showed a prima facie violation of the Sixth Amendment warrants further discussion.

As discussed in the Recommendation, to establish a prima facie violation of the Sixth Amendment's fair cross-section requirement, a defendant must show: "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364 (1979). The fair cross-section requirement as set forth in the Jury Selection and Service Act ("JSSA") of 1968, 28 U.S.C. § 1861, *et seq.*, is, in effect, "identical to that required by the Sixth Amendment." *United States v. Carmichael*, 560 F.3d 1270, 1278 (11th Cir. 2009) (citing *United States v. Rodriguez*, 776 F.2d 1509, 1510 n.1 (11th Cir. 1985)). Thus, to establish a fair cross-section violation under the Sixth Amendment or the JSSA, a defendant must satisfy all three prongs of the *Duren* test. *United States v. Carmichael*, 467 F. Supp. 2d 1282, 1306 (M.D. Ala. 2006). Failure on any element ends the challenge. *Id*.

The Defendant objects to the Magistrate Judge's determination that he failed to meet the second prong of *Duren*. Specifically, he objects to the Magistrate Judge's

finding that he failed to show that the representation of Black or African-American people in venires from which juries are selected was not fair and reasonable in relation to the number of Black or African American people in the community. The prevailing methods applied by lower courts for measuring the representation of distinctive groups in jury pools are absolute disparity, comparative disparity, and standard deviation. *See Berghuis v. Smith*, 559 U.S. 314, 329 (2010). Applying the absolute disparity method, the Eleventh Circuit has directed the lower courts to "compare the difference between the percentage of African Americans in the population eligible for jury service and the percentage of African Americans in the pool." *See United States v. Carmichael*, 560 F.3d 1270, 1280 (11th Cir. 2009) (citing *United States v. Pepe,* 747 F.2d 632, 649 (11th Cir.1984)). "Under black letter Eleventh Circuit precedent, '[i]f the absolute disparity between these two percentages is ten percent or less, the second element is not satisfied[,]' *United States v. Grisham,* 63 F.3d 1074, 1078-79 (11th Cir.1995)." *Carmichael*, 560 F.3d at 1280. *See also United States v. Davis*, 854 F.3d 1276, 1295 (11th Cir. 2017); *United States v. Pritt*, 458 F. App'x 795, 798 (11th Cir. 2012).

Setting forth essentially the same argument as stated in his motion (Doc. 82), the Defendant argues that the Magistrate Judge's imposition of the Eleventh Circuit's application of the absolute-disparity method should be set aside. He, however, acknowledges that the Eleventh Circuit has stated that "if the absolute

disparity between [the percentage of the distinctive group in the population and the percentage of the group in the jury pool] is 10 percent or less, the second element [of Duren] is not met." (Doc. 90 at 9, quoting *Carmichael*, 560 F.3d at 1280). He contends that an increasing number of courts have abandoned the 10% absolute disparity rule because, he says, it is grounded upon a foundation of misleading mathematics and inapposite precedent. (Doc. 90 at 10.)  This court, applying the absolute disparity rule as directed by the Eleventh Circuit, will not reject the Magistrate Judge's application of this method or this Circuit's precedent.

The Defendant also objects to the Magistrate Judge's determination that he does not meet the third prong of the *Duren* test — that the underrepresentation of Black individuals resulted from systematic problems with the jury selection process. Because this court concludes that the Defendant fails to meet the requirements of the second *Duren* prong, the court finds it unnecessary to address the third prong.

Finally, the Defendant objects to the Magistrate Judge's conclusion that, even if the Middle District of Alabama's jury selection violated the JSSA in other technical respects, any such violations were not "substantial" enough to warrant relief. (Doc. 90 at 14, citing Doc. 89 at 13-17.)  Setting forth essentially the same arguments as those raised in his motion, the Defendant argues that any JSSA violations, considered cumulatively with one another and with his fair cross-section arguments, are "substantial" because they frustrate the principles of randomness and

objectivity. This court cannot conclude that the alleged technicalities, if assumed to be technical violations for purposes of this motion only, rise to the level of "substantial" violations for purposes of the JSSA.

Accordingly, it is

ORDERED as follows:

1. The Recommendation of the Magistrate Judge (Doc. 89) is ADOPTED; and

2. The Motion to Challenge Jury Venire (Doc. 49) and the Renewed Motion to Challenge Jury Venire (Doc. 82) are DENIED.

DONE, on this the 2nd day of October 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE